### SAMUELS v. McKESSON et al.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

MASTER AND SERVANT—DEATH OF SERVANT—DEFECTIVE APPLIANCES—ELEVATORS.

Deceased and another of defendant's servants got on an elevator in defendant's building, and after the elevator had risen a few feet the bottom of it was torn out, and deceased fell to the basement and was killed. The elevator was being run by the person employed to operate it, and there was evidence that it was in the habit of shaking, tilting, and jerking, as though the sides of the bottom caught. Held, that such facts were sufficient to justify an inference of defendant's negligence under the doctrine of "res ipsa loquitur."

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 955, 966.]

Exceptions from Trial Term, Kings County.

Action by John Samuels, as administrator of the goods, chattels, and credits of Aaron E. Samuels, deceased, against John McKesson, Jr., and others. Judgment dismissing the complaint at the close of the case. Plaintiff excepts. Exceptions ordered to be heard at the Appellate Division in the first instance. Exceptions sustained.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Isaac M. Kapper, for appellant.
Frederick Hulse, for respondents.

GAYNOR, J. It seems to me that this case belonged to the jury, though the question may be close. The deceased and another employé of the defendants got on the elevator with handtrucks to be taken up

in the defendants' building in which they worked. After the elevator had gone a few feet the bottom of it was torn out and the deceased fell to the basement and was killed. It was being run by the person employed by the defendants to run it. There was evidence that the elevator was in the habit of shaking and tilting, and of jerking as though the sides of the bottom caught. That the floor or bottom was caught in the shaft and torn out at the time of the accident is beyond doubt. That alone would make the maxim that the thing speaks for itself apply. But the defendants tried to make it appear that the accident happened by one of the handtrucks projecting and being caught at the top of the opening of the shaft at the floor above. It cannot be said that this was shown as matter of law, if at all. No one saw that happen, and the handtrucks were frail, one being of papier maché and the other made of a packing box. The jury might have found that if one or both of them had projected in the way claimed, they could not have caused the strong bolted plank floor of the elevator to be torn away as it was. Moreover, the handtrucks do not seem to have had any injury which they might not have received from their fall to the basement.

The exception should be sustained and a new trial ordered.

Plaintiff's exceptions sustained, and new trial granted; costs to abide the event. All concur.